UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Rondell Carter, | ) C/A No. 3:10-585-SB-JRM |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| Chief Micheal A. Schwartz;<br>Sheriff Lane Cribb;<br>Asst. Sheriff Carter Weaver; and<br>Sharon W. Morton, Major, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Rondell Carter (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Georgetown County Detention Center (GCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names law enforcement officers and GCDC employees as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

The instant action was generated from a complaint signed by multiple detainees at the Georgetown County Detention Center (GCDC), challenging various conditions of confinement. The multiple plaintiff case, *Beach v. Schwartz*, 3:10-00415-SB-JRM, was separated into individual cases for each plaintiff by Order of the Honorable Sol Blatt, Jr., United States District Judge. [Docket entry #1].

On March 18, 2010, an Order was issued directing the Plaintiff in this case to file an amended complaint stating specifically how the alleged prison conditions, and the alleged violation of federal rights by each originally named Defendant, personally affected or injured the Plaintiff. [Docket entry # 5]. On March 23, 2010, Plaintiff submitted an amended complaint to the Court, which added one additional Defendant, Sharon W. Morton, Major. [Docket entry # 6].

Plaintiff's amended complaint indicates that, upon his entry to the GCDC on January 1, 2009, he possessed two thousand four hundred six dollars and sixty-four cents ($2406.64). Plaintiff alleges that, on January 2, 2009, he was informed by Defendant Morton that she had released Plaintiff's money to the Georgetown City Police Department. Plaintiff, who seeks return of his property, claims that Defendant Morton had no right to release Plaintiff's money without his consent. Plaintiff's amended complaint provides no factual information regarding any of the originally named Defendants, Micheal A. Schwartz, Sheriff Lane Cribb, or Asst. Sheriff Carter Weaver.

Discussion

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, §

1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *See also See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals).

In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). *See also Samuel v. Ozmint*, C/A No. 3:07-178-PMD, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to the taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD, 2007 WL 2288123 at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina has a remedy for personal property loss through the South Carolina Tort Claims Act).

In the instant action, Plaintiff claims that Defendant Morton intentionally and wrongfully released Plaintiff's money to the Georgetown City Police Department. Plaintiff provides no factual allegations to indicate that the release of his money was approved by prison policy or supervisory officials. As Plaintiff complains of an apparently unauthorized release of money from his prisoner account, for which he has a meaningful post-deprivation remedy, Plaintiff's deprivation of property claim against Defendant Morton should be dismissed for failure to state a claim upon which relief may be granted.

As indicated earlier, Plaintiff provides no factual information regarding, the Defendants named in the caption of the original complaint. In fact, Defendants Michael A. Schwartz, Sheriff Lane Cribb, and Asst. Sheriff Carter Weaver are not mentioned outside of the amended complaint's caption.[3] A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). The complaint's general deprivation of property claim, absent any personal allegations against Defendants Schwartz, Cribb, or Weaver, are insufficient to state a claim under § 1983. Therefore, Defendants Schwartz, Cribb, and Weaver are entitled to summary dismissal from the instant action.

---

[3] It is noted that the Clerk of Court provided Plaintiff with an amended complaint form which listed Defendants Schwartz, Cribb, and Weaver in the caption. As Plaintiff failed to make any references to Defendants Schwartz, Cribb, or Weaver in the body of the amended complaint, it is possible that Plaintiff did not intend to pursue any claims against the originally named Defendants in the amended complaint.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

May 24, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).